Frost v. Barnert.

---

CHARLES FROST, receiver,

*v.*

NATHAN BARNERT et al.

[Filed December 10th, 1897.]

A corporation, after becoming insolvent, cannot give a mortgage to secure a pre-existing debt, though the creditor have no notice of the insolvency, Corporation act (*P. L. of 1896, p. 298 § 64*) prohibiting a transfer by corporations, after becoming insolvent, of any of their estate or effects, except to *bona fide* purchasers for valuable consideration.

*Mr. Eugene Stevenson,* for the complainant.

*Mr. George S. Hilton,* for the defendant Barnert.

STEVENS, V. C.

On May 13th, 1896, Samro Takaki and others, creditors, filed a petition to have the Equitable Silk Company declared insolvent. On the same day an order was made directing the company to show cause why it should not be decreed to be insolvent. On May 21st a receiver was appointed. This receiver now files his bill against Barnert, praying, *inter alia,* that a certain chattel mortgage bearing date May 11th, and acknowledged May 13th, 1896, given by the company to Barnert to secure the sum of $875.82, may be declared null and void. The ground upon which the receiver bases his prayer for relief is, that at the time the mortgage was given the company was insolvent to the knowledge of Barnert, and that it was given in contemplation of its insolvency, to secure a pre-existing debt. The answer denies knowledge or notice of insolvency, but admits that all but $250 of the money secured was pre-existing indebtedness. These averments of the answer correspond with the proofs, which also show that the mortgage was made without actual fraud, and that it was recorded before the petition to have the company declared insolvent was filed. The company was, however, insolvent when it was given.

The question presented by the pleadings and proofs is this: Can a corporation organized under the General Corporation act, after becoming insolvent, execute a mortgage to a creditor who is not a director or officer of the company, to secure a pre-existing debt, such creditor having no notice of the insolvency?

The mortgage in question was given after the re-enactment in 1895 (*P. L. of 1895 p. 166; P. L. of 1896 p. 298 § 64*) of section 2 of "An act to prevent frauds by incorporated companies," found in the Revision of 1846. Section 2 of that act, which prevents corporations from selling, conveying, assigning or transferring any of their estate or effects, &c., after they have become insolvent or in contemplation of insolvency, except to *bona fide* purchasers for valuable consideration, was construed

in *Holcomb's Executors* v. *Managers, &c., 1 Stock. 457*, in *Wells* v. *Rubber Co., 4 C. E. Gr. 402*, and in other cases cited and approved in *Wilkinson* v. *Bauerle, 14 Stew. Eq. 635.* On the construction put upon the act in those cases the mortgage in question cannot stand, except as security for the $250 paid at the time it was given.

I was referred by defendants' counsel to *Knowles Loom Works* v. *Vacher, 28 Vr. 490.* It is plain that that case has no application to the case in hand. It was there held that a chattel mortgage given to secure a pre-existing debt is entitled to priority over a prior unrecorded contract of sale of which the mortgagee had no notice. The decision was based upon the principle that one who, *without notice,* takes a chattel mortgage to secure an antecedent indebtedness is a mortgagee *in good faith* within the meaning of the Chattel Mortgage act of 1889, though he may not be a mortgagee *for value;* and that as the act does not in terms require him to be a mortgagee for value, the cases which define the meaning of purchaser in good faith *for value* are not applicable. Besides it was said that public policy, as asserted in the extension of the registry laws, requires that the public records shall show the ownership of personal property, and that a construction favorable to that end ought to be given. In the statute under consideration neither of the grounds upon which the decision was placed exists. The act of 1895, incorporated as section 64 of the Corporation act of 1896, avoids all transfers by way of preference, except those made to a *bona fide* purchaser *for a valuable consideration.* In addition to this it has been repeatedly held that the act to prevent frauds by incorporated companies is, in the language of Chief-Justice Green in *Receivers* v. *Paterson Gaslight Co., 3 Zab. 283,* "in all its essential elements a bankrupt law," and that to allow preferences is to violate its spirit and a general tendency, and to defeat its primary object. *Receivers* v. *Paterson Savings Bank, 2 Stock. 19.* Then again the act under consideration had through a long series of years received a settled construction. It must be assumed that when the legislature re-enacted the old provision in the old words they were satisfied with that construction and meant that it should continue.